UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE GIBSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 12 C 0397 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| KEITH ANGLIN, Warden, | ) |
| Danville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Willie Gibson has filed a notice of appeal from our memorandum opinion and order, entered September 11, 2012, denying Gibson's petition for a writ of habeas corpus. He seeks a certificate of appealability ("COA"), as well as leave to pursue the appeal *in forma pauperis*. For the reasons set forth below, we deny the motion for COA. The leave to pursue the appeal *in forma pauperis* is therefore moot.

### BACKGROUND

In October 2001, Gibson was charged in the Circuit Court of Lake County with the offense of unlawful possession of a controlled substance with the intent to deliver. *See Gibson v. Anglin*, No. 12 C 397, 2012 WL 3987855, at *1 (N.D. Ill. Sept. 7, 2010) (hereinafter "Opinion"). The Opinion explains the circumstances of Gibson's conviction, as well as his appellate and post-conviction proceedings, and we will not recount those details here. *Id.* at *1–6. Presently before us is Gibson's motion for COA on the same four issues raised in his habeas petition:

-1-

(1) violation of his Fourth Amendment rights resulting from the search of a black bag in his vehicle; (2) prosecutorial misconduct, or violation of due process of law for the denial of a fair trial; (3) ineffective assistance of pretrial counsel; and (4) ineffective assistance of appellate counsel. *Id.* at 6.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2253(c)(1), a COA is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. *See* 28 U.S.C. § 2253(c). We may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). If the district court rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

## ANALYSIS

I.  **Denial of Fourth Amendment Rights**

At all stages of the state court appellate and post-conviction proceedings, Gibson asserted that the police conducted an illegal search and seizure of his vehicle. *Gibson*, 2012 WL 3987855 at *7. We held that we could not review a Fourth Amendment habeas claim on the merits, as long as the petitioner had an opportunity for "full and fair litigation" on that issue in state court. *Id.* at 7–8 (citing *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005) ("So long as a habeas petitioner enjoyed an opportunity for full and fair litigation of a Fourth Amendment claim in state court, federal habeas review of the claim is barred.")). In the present motion, Gibson urges that he did not have an opportunity for full and fair litigation of his Fourth Amendment claim, because the facts presented in his suppression hearing were the product of perjury and fraud. (Mot. at 2–3.) Unfortunately, his argument misses the point of the case law restricting our review of Fourth Amendment habeas claims. As we noted in the Opinion, a "full and fair opportunity guarantees only the right to present one's case, and not an examination of whether the state courts got the decision right." *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007) (internal quotations omitted). It is not our role at this stage to reconsider the facts presented in the suppression hearing, which is all Gibson's present motion asks us to do. Accordingly, we think that no reasonable jurist would find our resolution of the claim incorrect, and we deny Gibson's motion for COA on this issue.

II. **Prosecutorial Misconduct**

In his habeas petition, Gibson alleged that the State intentionally used perjured testimony from an informant, in violation of his Fifth and Fourteenth Amendment rights. *Gibson*, 2012

WL 3987855 at *8. We found that the claim was procedurally defaulted, because Gibson had not asserted it on direct appeal. *Id.* Gibson's stated cause for the default was the failure of his counsel to raise the argument on appeal, which we understood as a claim of ineffective assistance of counsel. *Id.* at *9. It is well-settled law, however, that a claim of ineffective assistance of counsel must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carter*, 477 U.S. 478, 489, 106 S. Ct. 2639, 2646 (1986). We found that Gibson had not brought any ineffective assistance of counsel claims through a full round of state proceedings, *Gibson*, 2012 WL 3987855 at *9, which Gibson does not dispute in his current motion. (Mot. at 3–4.) Accordingly, this claim fails as a matter of law. We do not think that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, 120 S. Ct. at 1603–04, and we deny Gibson's motion for a COA on this issue.

### III. Ineffective Assistance of Pretrial Counsel and Appellate Counsel

We explained in the Opinion that Gibson did not bring any ineffective assistance of counsel claim through a full round of state proceedings, and thus his third and fourth claim are procedurally defaulted. *Gibson*, 2012 WL 3987855 at *9. As noted above, Gibson does not dispute the fact that he failed to raise these claims at each stage of the state court proceedings. (Mot. at 3–4.) We do not see any legitimate basis for appealing this ruling, and we deny Gibson's motion for COA on these claims.

### CONCLUSION

For the reasons set forth above, we deny Gibson's motion for Certificate of Appealability. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: October 29, 2010